UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUDREY JEAN WOLFORD,

                Petitioner,

v.

HOWARD C. BARRON,

                Respondent.

Case No. C23-1689-MJP-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner Audrey Wolford is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). She has presented to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which she asserts that the Federal Bureau of Prisons ("BOP") has failed to properly apply First Step Act ("FSA") time credits to her sentence. (Dkt. # 6 at 3.) Respondent filed a response to the petition (dkt. # 9), and Petitioner filed a traverse to the response (dkt. # 13). The Court, having now reviewed the petition and all briefing of the parties, concludes that Petitioner's petition for writ of habeas corpus and this action should be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

On September 26, 2022, Petitioner was sentenced in the District of Guam to a term of 120-months confinement following guilty pleas to charges of conspiracy to distribute 50 grams or more of methamphetamine hydrocholoride and engaging in monetary transactions with proceeds of specified unlawful activity.[1] (*See* dkt. # 10 at ¶ 3, Ex. 1.) The sentencing court also imposed a five-year term of supervised release to be served upon Petitioner's release from her term of imprisonment. (*See id*., Ex. 1.) Following her sentencing, Petitioner was remanded to the custody of the United States Marshals Service ("USMS"). (*See id*. at ¶ 3, Ex. 1.)

On October 7, 2022, Petitioner was admitted to an in-transit facility where she stayed until December 2, 2022. (*See* dkt. # 10 at ¶ 4, Ex. 2.) Petitioner was then transferred to the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu") where she was temporarily housed in "holdover" status. (*See id*.) On June 29, 2023, Petitioner was transferred out of FDC Honolulu and admitted to another in-transit facility, and on July 19, 2023, Petitioner arrived at FDC SeaTac, the facility designated by the BOP for Petitioner to serve her sentence. (*Id*. at ¶ 5, Ex. 2.) Petitioner began earning FSA time credits on the date she arrived at FDC SeaTac. (*See id*. at ¶ 6, Ex. 3.)

Petitioner submitted her original petition for writ of habeas corpus to this Court for filing in October 2023. (*See* dkt. # 1.) Though it was clear from the original petition that Petitioner was seeking to challenge the BOP's failure to apply to her sentence all FSA credits to which she believed she was entitled, the petition was not submitted on the form provided by the Court and did not supply all information required by the form. Thus, on December 5, 2023, the Court

---

[1] Although Petitioner was sentenced on September 26, 2022, her judgment was not signed and entered by the Court until the following day, September 27, 2022. (*See* dkt. # 10, Ex. 1.)

issued an Order declining to serve the original petition and granting Petitioner leave to file an amended petition. (Dkt. # 4.)

Petitioner submitted an amended petition to the Court for review on December 26, 2023. (Dkt. # 6.) Petitioner asserted therein that (1) her FSA credits are not being applied to her sentence, and (2) she is entitled to a reduction in her sentence under 18 U.S.C. § 3582(c)(2). (*Id*.) Petitioner's claim pertaining to her FSA credits, as asserted in her amended petition, is somewhat vague. However, when viewed in conjunction with the information provided in her original petition, the claim is properly construed as asserting that Petitioner is being improperly denied FSA credits for the period of time between when she was sentenced and when she arrived at her designated facility. (*See* dkt. ## 3-1, 6 at 3.) Petitioner requested in her amended petition that this Court bifurcate the two issues raised therein and transfer the second issue to the sentencing court for consideration. *See id*.

On January 8, 2024, the Court issued an Order directing service of the amended petition on Respondent, and advised therein that Petitioner would be permitted to proceed here only on her FSA claim. (Dkt. # 8.) Respondent filed a response to the amended petition on February 8, 2024, arguing that the petition should be either dismissed or denied. (Dkt. # 9.)

On March 13, 2024, Petitioner filed a traverse to Respondent's response. (Dkt. # 13.) In addition to responding to Respondent's arguments, Petitioner also indicated that she had filed a motion for reduction of sentence in the sentencing court under 18 U.S.C. § 3582(c)(2), and that she anticipated the sentencing court would reduce her sentence from 120 months to 93 months. (*Id*.) Respondent filed a reply to the traverse on March 14, 2024, in which he confirmed that the

REPORT AND RECOMMENDATION
PAGE - 3

sentencing court issued an order reducing Petitioner's sentence to 93 months.[2] (*See* dkt. # 14 at 1.)

On April 9, 2024, Respondent, at the Court's direction, submitted an updated FSA Time Credit Assessment and an updated BOP sentence computation for Petitioner. (Dkt. # 16.) The updated FSA Time Credit Assessment shows that Petitioner is currently earning FSA credits at a rate of 15 days per month and that as of March 30, 2024, Petitioner had earned a total of 90 days of FSA credits that may be applied toward early release to supervision. (*Id.*, Ex. 6.) The updated sentence computation projects Petitioner's release date, with currently earned FSA credits, as March 13, 2027. (*Id.*, Ex. 7.)

### III.    DISCUSSION

Petitioner argues she is entitled to receive FSA time credits for the period between September 26, 2022, the date she was sentenced in the District of Guam, and July 19, 2023, the date she arrived at her designated BOP facility, *i.e.,* FDC SeaTac. (*See* dkt. ## 3-1, 6, 13.) Respondent argues the Court should dismiss or deny the petition for three reasons: (1) the petition is not ripe; (2) Petitioner has not exhausted her administrative remedies; and (3) Petitioner has no statutory right to FSA credits prior to her arrival at FDC SeaTac. (Dkt. # 9 at 2.) The Court need only address the first of Respondent's three arguments as the Court concludes that the ripeness issue is dispositive of this case.

####     A.    FSA Time Credits

Congress enacted the FSA on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The FSA called for the implementation of a "risk and needs assessment" system to evaluate federal inmates' recidivism risk and included a directive to establish evidence-based recidivism

---

[2] *See also United States v. Wolford*, No. 1:19-cr-00026 (D. Guam, filed June 19, 2019), dkt. # 114.

REPORT AND RECOMMENDATION
PAGE - 4

reduction programs. 18 U.S.C. § 3632(a)–(b). The FSA also established various incentives for inmates to participate in its anti-recidivism programming. 18 U.S.C. § 3632(d). One such incentive was the awarding of "time credits" to "be applied toward time in prerelease custody or supervised release" upon eligible prisoners' successful completion of anti-recidivism programming.[3] 18 U.S.C. § 3632(d)(4)(C). Eligible prisoners receive ten days of FSA time credits for every thirty days of anti-recidivism programming they successfully complete. 18 U.S.C. § 3632(d)(4)(A)(i). If the BOP determines that a prisoner is at a "minimum" or "low" risk of recidivating and the prisoner has not increased her risk of recidivism over two consecutive risk assessments, then she earns an additional five days of time credits for every thirty days of successfully completed programming. 18 U.S.C. § 3632(d)(4)(A)(ii).

The FSA prohibits inmates in certain circumstances from earning credits. As relevant here, an inmate may not earn credits "during official detention prior to the date the prisoner's sentence commences under [18 U.S.C. §] 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii). Section 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

Where a sentencing court includes as a part of a prisoner's sentence a requirement that the prisoner be placed on a term of supervised release upon release from imprisonment, the FSA limits to twelve months the amount of time credits that can be applied to early release to supervision. 18 U.S.C. § 3624(g)(3).

---

[3] Several classes of prisoners are precluded from earning time credits under the FSA, but Petitioner does not appear to belong to any of them. *See* 18 U.S.C. § 3632(d)(4)(D).

REPORT AND RECOMMENDATION
PAGE - 5

**B.     Ripeness**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). One component of the Article III case-or-controversy requirement is the concept that a claim must be ripe for review. *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). "[R]ipeness addresses *when* litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted).

Several courts have addressed when claims of improperly denied time credits under the FSA are ripe for review. "Federal courts around the country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only once an inmate has earned enough that equal the remainder of her sentence." *Adkins v. Engleman*, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022) (internal quotation marks, emphasis, and citation omitted), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022); *see also Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022) ("[S]ince Petitioner's FSA credits do not equal the remainder of her sentence, it would be inappropriate for the court to direct the BOP to adjudicate the credits at this time."); *Turner v. Heisner*, 2022 WL 2195348 at *3 (D. Ariz. May 16, 2022) ("FSA earned time credits can be applied toward prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term."), *report and recommendation adopted*, 2022 WL 2192212 (D. Ariz. June 17, 2022).

Courts have noted that this interpretation "has a common sense basis," as FSA credits earned can be lost due to misconduct. *Adkins*, 2022 WL 14966123, at *2; *see also Milchin v.*

*Warden*, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (citing 28 C.F.R. §§ 523.43, 541.3). It has also been observed that "an inmate requesting application of [FSA time credits] before such application would result in his immediate release would be essentially seeking an advisory opinion from the court." *Patrick v. Heckard*, 2024 WL 770631, at *4 (S.D.W.Va. Jan. 26, 2024) (internal alterations and citation omitted), *report and recommendation adopted*, 2024 WL 767179 (S.D.W.Va. Feb. 22, 2024).

Petitioner does not assert in her petition that she is currently eligible for release and the record before this Court makes clear that she is not. Because Petitioner is required to serve a term of supervised release she may have, at most, 12 months of time credits applied toward early release to supervision. As noted above, Petitioner is currently earning 15 days of time credits for every 30 days of programming and she had earned a total of 90 credits as of March 30, 2024. (Dkt. # 16, Exs. 6, 7.) Her current projected release date with credits earned to date is March 13, 2027. (*See id.*, Ex. 7.)

If Petitioner continues to earn credits at the current rate, *i.e.*, 15 days for every 30 days in custody, she will have accrued the statutory maximum number of credits that may be applied to her sentence, *i.e.*, 365 days, in approximately 18 months, or the fall of 2025. Petitioner's current projected release date via good conduct time alone is June 11, 2027. (*Id.*) Assuming Petitioner earns all available good time credits and FSA time credits, her earliest potential release date is mid-June 2026, over two years from now.[4] Should Petitioner lose credits during the time remaining on her sentence, this could extend her release date beyond what is currently

---

[4] Put another way, if the Court were to reach the merits of Petitioner's claim, and determine that she is entitled to FSA credits for the period she claims she should have received them, *i.e.,* September 26, 2022 to July 19, 2023, this would advance the date on which she reaches the statutory maximum number of 365 days of accrued credit, but it would not entitle her to earlier release as she will only be entitled to application of those credits once she is within twelve months of her currently projected good conduct time release date of June 11, 2027.

REPORT AND RECOMMENDATION
PAGE - 7

anticipated. Because Petitioner is not yet entitled to have FSA time credits applied to her sentence given that her earliest possible release date is still far in the future, this Court concludes the issue raised by Petitioner is not ripe for adjudication.

## IV.     CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's amended federal habeas petition (dkt. # 6) and this action be DISMISSED. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 17, 2024**.

DATED this 24th day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge