UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUDREY JEAN WOLFORD,<br><br>     Petitioner,<br><br>  v.<br><br>HOWARD C. BARRON,<br><br>     Respondent. | CASE NO. 2:23-cv-01689-MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

This matter comes before the Court on Petitioner Audrey Wolford's Objections to the Report and Recommendation ("R&R") of Magistrate Judge Peterson. Having reviewed the R&R (Dkt. No. 18,) the Objections (Dkt. No. 19,) and all supporting materials, the Court OVERRULES the Objections, ADOPTS the R&R, and DISMISSES this action.

**ANALYSIS**

**A. Legal Standard**

Under Federal Rule of Civil Procedure 72, the district court must resolve de novo any part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or

1  modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1);

2  Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009). "[A] district court has discretion, but is

3  not required, to consider evidence presented for the first time in a party's objection to a

4  magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir.

5  2000).

6  **B.     The petition is not ripe for review.**

7        The R&R recommends dismissal of Petitioner's amended petition for writ of habeas

8  corpus because the petition is not ripe. The Court agrees.

9        Article III of the United States Constitution limits the jurisdiction of federal courts to

10  "actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

11  One component of the Article III case-or-controversy requirement is the concept that a claim

12  must be ripe for review. Bova v. City of Medford, 564 F.3d 1093, 1095–96 (9th Cir. 2009).

13  "[R]ipeness addresses when litigation may occur." Lee v. Oregon, 107 F.3d 1382, 1387 (9th Cir.

14  1997) (emphasis in original). "A claim is not ripe for adjudication if it rests upon contingent

15  future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United

16  States, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted).

17        Petitioner's claims regarding improperly denied time credits under the FSA will be ripe

18  for review only once she has earned enough to equal the end of her sentence. See, e.g., Adkins v.

19  Engleman, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022), report and recommendation

20  adopted, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022) (finding that "[f]ederal courts around the

21  country read Section 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only

22  once an inmate has earned enough that equal the remainder of her sentence."). The Magistrate

23  Judge calculated that the earliest date that Petitioner will be eligible for release is in mid-June

24

2026. At that point, Petitioner's claims may potentially be ripe for review, although by then she may have already "accrued the statutory maximum number of credits that may be applied to her sentence." (R&R at 7–8.)

C.     **Petitioner's objections to the R&R.**

Petitioner raises two objections to the R&R. Neither objection changes the Court's decision that her Petition is not ripe for review. Both objections are discussed below.

Petitioner first objects to the R&R on the basis that she was "arrested since April 9, 2021" rather than on October 7, 2022. (Dkt. No. 19 at 1.) The R&R does not say that Petitioner was arrested on October 7, 2022, but rather was "admitted to an in-transit facility" on that date. (Dkt. No. 18 at 2.) In any event, the date of Petitioner's arrest has no bearing on the ripeness of Petitioner's claims and the first objection is therefore overruled.

The Court notes that that the date of Petitioner's arrest does not factor into her accumulation of FSA credits. This is because FSA credits may only be earned by eligible "prisoners." See 18 U.S.C. ¶ 3632(d)(4)(A). Prisoners are those who have "been sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense," or are "in the custody of the Bureau of Prisons." 18 U.S.C. ¶ 3635(4). Rather than focusing on Petitioner's arrest, the R&R correctly focused on Petitioner's sentencing and custody (i.e., when she would begin to receive FSA credits).

Petitioner's second objection draws the Court's attention to Yufenyuy v. Warden, FCI Berlin, 659 F. Supp. 3d 213 (D.N.H. 2023), as support for her argument that she is owed FSA credits that are being improperly withheld. But this is an argument on the merits of Petitioner's claim. The R&R does not reach the merits; rather it narrowly finds that Petitioner's claim is not

ripe for review. Because Petitioner's second objection does not bear on the ripeness of her claims, it too is overruled.

## CONCLUSION

The R&R correctly determined that because Petitioner is not yet entitled to have FSA time credits applied to her sentence, the issue is not ripe for adjudication. Petitioner's Objections to the R&R fail to address the Magistrate Judges' findings on ripeness. The Court therefore OVERRULES Petitioner's Objections and ADOPTS the R&R. The Petition is DISMISSED. Because the Petitioner has demonstrated the merit of her underlying concern, the Court does not consider its dismissal of the Petition as a strike under 28 U.S.C. § 1915(g).

The Court directs the Clerk to enter separate judgment.

The Court directs the Clerk to provide copies of this order to Petitioner, all counsel, and Magistrate Judge Peterson.

Dated July 15, 2024.

Marsha J. Pechman
United States Senior District Judge